**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| GARFIELD A. WILLIAMS | : | DOCKET NO. 2:05-cv-929<br>Section P |
| VS. | : | JUDGE TRIMBLE |
| J. P. YOUNG, WARDEN | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Garfield A. Williams, pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Petitioner was ordered removed from the United States on February 4, 2005 by an immigration judge in Oakdale, Louisiana. He appealed this decision to the Board of Immigration Appeals. Petitioner states that his appeal was denied on May 6, 2005. On May 26, 2005, petitioner filed this petition for writ of *habeas corpus* wherein he seeks to challenge his removal order on the grounds that he is a United States national.

## LAW AND ANALYSIS

**Jurisdiction**

As a threshold matter, this court must consider its jurisdiction to review petitioner's challenge to his removal order.

On May 11, 2005, President Bush signed into law the "REAL ID Act of 2005. *See*

Pub.L.No.109-13, Div. B, 119 Stat. 231.[1] Section 106 of this Act specifically addresses judicial review of removal orders. Section 106(a) of the REAL ID Act of 2005 amends INA § 242(a)[2] to clarify that a petition filed in the appropriate court of appeals in accordance with § 242 is the sole and exclusive means for obtaining judicial review of an order of removal and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order. These jurisdictional amendments became effective upon enactment of this Act. *See* § 106(b).

In light of this recent legislation, the undersigned finds that this court lacks jurisdiction to consider petitioner's *habeas corpus* petition which challenges his removal order.

Further, because this petition was filed after the enactment of the REAL ID Act of 2005, the transfer provision found in § 106(c) of the REAL ID Act is not applicable to this case.[3] Thus, it is

RECOMMENDED that this petition be DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days

---

[1] The "Real ID Act of 2005" is Division B of the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005" (Public Law 109-13).

[2] Section 106(a)(1)(A)(iii) of the Real ID Act adds the following language to INA § 242(a):
(5) EXCLUSIVE MEANS OF REVIEW.-- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition filed in the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

[3] Section 106(c) of the Real ID Act states as follows:
(c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, **is pending in a district court on the date of the enactment of this division**, **then the district court shall transfer the case** (or the part of the case that challenges the order of removal, deportation, or exclusion) **to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act** (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply. (emphasis added).

from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 21st day of June, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE